WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 362-6765
Facsimile: (415) 362-2405
weisslaw1@williameweiss.com

Attorney for Plaintiff,
*JOSEPH FLOWERS*

E-Filing

FILED
SEP 17 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSEPH FLOWERS, Plaintiff, vs. INTERSCOPE RECORDS INC., UNIVERSAL MUSIC CORPORATION, Defendants. | Case No. CV 09 4388 CW<br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. COPYRIGHT INFRINGMENT;**<br>**2. CONTRIBUTORY INFRINGEMENT;**<br>**3. INJUNCTION;**<br>**4. PUNITIVE DAMAGES;**<br>**5. ATTORNEY'S FEES AND COSTS**<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, JOSEPH FLOWERS, alleges:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (1980) and 1338(a) (1999) arising under the Copyright Revision Act of 1976, 17 U.S.C. §§ 101 et seq. (2002) and 28 U.S.C. § 1400(a) (1998). Federal Copyright Act violations are within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1367 (1990) as are violations of the Lanham Act, 15 U.S.C. § 1121 (1998).

2. This Court has personal jurisdiction over all the Defendants by virtue of their transacting,

doing and soliciting business in this District, and because a substantial part of the relevant events occurred in this District. The infringement on Plaintiff's copyrights occurred in California and other locations wherein the works subject to this lawsuit have been marketed, promoted and distributed for pay by defendants. Defendants derived and continue to derive revenue and profits for the sale, promotion and distribution of plaintiff's copyright in this jurisdiction.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) (2002).

## THE PARTIES

4. Plaintiff Joseph Flowers, a/k/a "The Govenor" ("Flowers") is song writer, rapper and music producer. Plaintiff the exclusive owner of the copyright in the composition "Po' Nigga Bluez." Plaintiff wrote this song alone in 1990 and performed it on his album entitled "Floss Mode," first published in 1995. Plaintiff owns the exclusive rights to the lyrics, music and entire sound recording of "Po Nigga Bluez." Plaintiff registered the song with Broadcast Music Incorporated in 1994.

5. Defendant Interscope Records Incorporated ("Interscope") is a general partnership with its principal place of business in California.

6. Defendant Universal Music Corporation ("Universal") is a corporation doing business in the United States of America, worldwide, and in California. Universal Music Corporation has offices in New York and California.

## FACTUAL ALLEGATIONS

7. Plaintiff Joseph Flowers is a rap artist. Plaintiff is engaged in the business of writing, producing and performing songs.

8. Plaintiff, alone wrote the lyrics to the song "Po' Nigga Bluez", in 1990. Plaintiff performed, recorded and produced the song "Po' Nigga Bluez" on his album, "Floss Mode" which was released in 1995. Tupac Shakur performed in the background of this song which was released on plaintiffs album, "Floss Mode." Plaintiff registered the song with Broadcast Music Incorporated (BMI) in 1994.

9. Plaintiff is the exclusive copyright owner or owner of exclusive rights under copyright with respect the lyrics to and sound recording of "Po' Nigga Bluez." Plaintiff applied for and

received a Certificate of Copyright Registration from the Register of Copyrights for his Copyright Recording. Plaintiff has the exclusive rights, among other things, to reproduce and distribute copies of the "Po' Nigga Bluez." Said copyright, registration number, "SR 622-786" is attached as Exhibit A and incorporated by reference.

10. Tupac Shakur was not a joint author of "Po' Nigga Bluez." The song was solely created by Plaintiff.

11. Plaintiff did not grant Tupac Shakur a license- oral or written, giving permission to use Plaintiffs work.

12. Plaintiff did not grant Defendants or any of their agents, employees, licensees or anyone connected to them, a license-oral or written-giving permission to use plaintiff's work.

13. In 2004, Tupac Shakur's album "Loyal to the Game" was released posthumously, containing plaintiff's song on track 14 styled as "Po' Nigga Blues-Scott Storch Remix featuring Ron Isley." The song is almost identical to Plaintiff's 1995 composition. Plaintiff discovered the existence of this infringing work in March of 2008.

14. Defendants and each of them willfully, intentionally and maliciously continued to sell, promote and distribute the work set forth above worldwide and in the Northern District of California and other locations wherein the works subject to this lawsuit have been promoted, marketed and distributed for pay by Defendants and copies have been sold, despite the objections of Plaintiff. Plaintiff notified Defendants that they are infringing on Plaintiffs copyrights and Defendants have ignored Plaintiff.

15. Defendants have profited from the use of Plaintiff's works, including in the Northern District of California.

16. In the distribution and sales of the works described above, Defendants improperly credited others with the copyright ownership of said work and continue to do so which damages Plaintiff and diminishes the value of said work as well as profiting Defendants and each of them.

17. The infringing conduct was not only intentional; it was done maliciously, fraudulently and in bad faith disregard of Plaintiff's copyright in the subject work.

//

**FIRST CLAIM - INFRINGEMENT OF COPYRIGHT**

**(Defendants Interscope Records Incorporated, Universal Music Corporation)**

18. Plaintiff incorporates herein by this reference each and every allegation contained in Paragraphs 1-17.

19. Plaintiff, as sole creator of the composition "Po' Nigga Bluez", is the copyright owner and legal holder of all exclusive rights in the copyrighted work. Defendants and each of them, have copied, used, sold, promoted, and distributed in the Northern District of California among other geographic areas, Plaintiff's copyrighted work without securing a license from Plaintiff and without payment of royalties and monies owed and due to Plaintiff for use of the work. This was done, intentionally, maliciously, and fraudulently without obtaining permission of Plaintiff or appropriate license for the use of the works as required under the Copyright Act.

20. The Defendants continue to distribute, promote, sell, market and use Plaintiff's copyrighted work.

21. As a result of this conduct by Defendants, in violation of the Copyright Act, Plaintiff has suffered actual damages and continues to suffer damages due to the infringing conduct.

22. Plaintiff prays that he recover all compensatory general and special damages as authorized by the Copyright Act, and that he recover his attorney's fees and costs due to Defendants infringing conduct. Plaintiff further reserves the right to pursue statutory damages, attorney's fees and seeks punitive damages against all Defendants for their intentional, fraudulent, malicious and bad faith infringement of the described copyright as provided under Federal law.

**SECOND CLAIM – CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(Defendants Interscope Records Incorporated, Universal Music Corporation)**

23. Plaintiff incorporates herein by this reference each and every allegation contained in Paragraphs 1-22.

24. Plaintiff is informed and believes and on that basis alleges that Defendants Interscope Records, Inc. and Universal Music Corporation knew or had reason to know of the infringing activity.

25. Plaintiff is informed and believes and on that basis alleges that Defendants Interscope Records, Inc. and Universal Music Corporation induced, caused or materially contributed to the infringing activity.

26. Plaintiff is informed and believes and on that basis alleges that Defendants Interscope Records, Inc. and Universal Music Corporation engaged in personal conduct that encouraged or assisted in the infringing activity.

27. As a result of this conduct by Defendants, and each of them, in violation of the Copyright laws, Plaintiff has suffered actual damages and continues to suffer damages due to Defendants' infringing conduct.

28. Plaintiff prays that he recover all compensatory general and special damages as authorized by the Copyright Act, and that he recover their attorneys' fees and costs due to Defendants' contributory infringing conduct. Plaintiff further reserves the right to pursue statutory damages, and attorneys' fees against all Defendants for their intentional, fraudulent, malicious and bad faith infringement of the described copyright as provided under Federal law.

**THIRD CLAIM – INJUNCTION**

29. Plaintiff incorporates herein by this reference each and every allegation contained in Paragraphs 1-28.

30. Defendant prays that he obtain an injunction preventing Defendants from further distribution, promotion, selling and marketing Plaintiff's copyrighted work.

**FOURTH CLAIM – PUNITIVE DAMAGES**

31. Plaintiff incorporates herein by this reference each and every allegation contained in Paragraphs 1-30.

32. The Defendants' conduct shows a species of bad faith, intentional, and malicious conduct with the specific intent to convert Plaintiff's valuable copyright and defraud him from the value thereof.

33. Plaintiff is entitled to a recovery of punitive damages against the named Defendants in an amount that will: 1) punish the Defendants for their fraudulent and intentional misconduct in this case; 2) to deter these Defendants from similar fraudulent and infringing misconduct prospectively; and 3) to deter similarly situated Defendants from intentionally, maliciously, and fraudulently infringing upon and converting a copyrighted work without permission, and appropriately compensate Plaintiff as the owner of the subject copyright.

**FIFTH CLAIM - ATTORNEY'S FEES AND COSTS**

34. Plaintiff incorporates herein by this reference each and every allegation contained in Paragraphs 1-33.

35. Plaintiff entitled to a recovery of attorneys' fees and costs against the named Defendants for their intentional, malicious, and bad faith misconduct in infringing upon Plaintiff's copyright and failing to pay and account to him for the monies owed and due for the use of the subject work.

36. Plaintiff prays that he recover all attorney's fees and costs from the Defendants in an amount to be determined by a jury and/or the Court at any trial of this matter, but not less than the actual costs and attorney's fees of Plaintiff in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That this court enter appropriate declaratory and injunctive relief under federal law that it deems appropriate under the circumstances and after Hearing before the Court, including but not limited to an injunction preventing Defendants from further using Plaintiff's copyrighted work and ordering Defendants to withdraw from the market, use of "Po Nigga Blues" in any format.

2. That Plaintiff recover all statutory or compensatory damages, including but not limited

to treble damages that are appropriate on their copyright claims. Plaintiffs request statutory damages to be determined by the court, per composition for copyright infringement..

3. That Plaintiff recover appropriate attorney's fees and costs for the Defendants' violation of the Copyright Act plead in this lawsuit. Plaintiffs seek their attorneys' fees and costs under both the Copyright Act.

4. Punitive Damages.

5. That this court grant such other equitable and further relief as it deems just and proper;

Date: September 16, 2009

William E. Weiss
Attorney for Plaintiff,
*JOSEPH FLOWERS*

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS IN THIS LAWSUIT.

Date: September 16, 2009

William E. Weiss
Attorney for Plaintiff,
*JOSEPH FLOWERS*

Exhibit A

# Certificate of Registration




This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Registration Number:**

SR 622-786

**Effective date of registration:**

November 24, 2008

## Title

**Title of Work:** Floss Mode

## Completion/ Publication

**Year of Completion:** 1990

**Date of 1st Publication:** June 20, 1995 **Nation of 1st Publication:** United States

## Author

- **Author:** Joseph Jerome Flowers d.b.a. Handle Bar Records

**Pseudonym:** The Govenor

**Author Created:** lyrics and music to "Po' Nigga Bluez", entire sound recording

**Work made for hire:** No

**Citizen of:** United States **Domiciled in:** United States

**Pseudonymous:** Yes

## Copyright claimant

**Copyright Claimant:** Joseph Jerome Flowers d.b.a. Handle Bar Records

1924 50th Avenue, Oakland, CA 94605

## Rights and Permissions

**Organization Name:** Law Office of William E. Weiss

**Name:** William E. Weiss

**Email:** weisslaw1@williameweiss.com **Telephone:** 415-362-6765

**Address:** 130 Sutter Street, Floor 7

San Francisco, CA 94104

## Certification

IPN#:

Registration #: SR0000622786

Service Request #: 1-133883601

Law Office of William E. Weiss
William E. Weiss
130 Sutter Street, Floor 7
San Francisco, CA 94104