CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, SBN 194668
Email:  burrow@caldwell-leslie.com
LENNETTE W. LEE, SBN 263023
Email:  lee@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California  90017-2463
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

Attorneys for Defendants
INTERSCOPE RECORDS (erroneously sued
as "Interscope Records Inc.") and
UMG RECORDINGS, INC. (erroneously sued
as "Universal Music Corporation")

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FLOWERS,<br><br>                    Plaintiff,<br><br>          v.<br><br><br><br>INTERSCOPE RECORDS INC.,<br>UNIVERSAL MUSIC<br>CORPORATION,<br><br>                    Defendants. | Case No. CV 09-4388 CW<br><br>The Honorable  Claudia Wilken<br><br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>**Date:   November 19, 2009**<br>**Time:  2:00 p.m.**<br>**Place: Courtroom 2** |

CALDWELL
LESLIE &
PROCTOR

1

2

**TABLE OF CONTENTS**

3

I.      INTRODUCTION..................................................................................................1

4

5       II.     RELEVANT ALLEGATIONS IN PLAINTIFF'S COMPLAINT.................2

6       III.    PLAINTIFF'S COMPLAINT CONTAINS REQUESTS FOR

7               RELIEF THAT SHOULD BE STRICKEN.......................................................2

8               A.      Legal Standard for Motions to Strike ....................................................2

9               B.      Plaintiff's Requests for Statutory Damages and Attorney's Fees

10                      Under the Copyright Act Should Be Stricken .....................................3

11              C.      Plaintiff's Request for Punitive Damages Under the Copyright

12                      Act Should be Stricken .........................................................................4

13      IV.     CONCLUSION ........................................................................................5

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

**TABLE OF AUTHORITIES**

Page(s)

<u>Cases</u>

*Budget Cinema, Inc. v. Watertower Assocs.*,
    81 F.3d 729 (7th Cir. 1996) ..................................................................................4

*Bureerong v. Uvawas*,
    922 F.Supp. 1450 (C.D. Cal. 1996) ..................................................................2

*California Dept. of Toxic Substances Control v.*
    *Alco Pac., Inc.*, 217 F.Supp.2d 1028 (C.D. Cal. 2002) ...................................2

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
    528 F.3d 696 (9th Cir. 2008) ...........................................................................3

*Montecino v. Spherion Corp.*,
    427 F.Supp.2d 965 (C.D. Cal. 2006) ...............................................................2

*On Davis v. The Gap, Inc.*,
    246 F.3d 152 (2d Cir. 2001) .............................................................................4

*Rosales v. Citibank*,
    133 F.Supp.2d 1177 (N.D. Cal. 2001) .............................................................2


<u>Statutory Authorities</u>

Fed. R. Civ. P. 12(f) ....................................................................................................2

17 U.S.C. § 412(2) ...............................................................................................1, 3, 4

CALDWELL
LESLIE &
PROCTOR

1

<u>Other Authorities</u>

2

4 Melville B. Nimmer & David Nimmer,

3

*Nimmer on Copyright* § 14.02[C][2] (2009) ..............................................1, 4

4

William W. Schwarzer et al.,

5

California Practice Guide: Federal Civil Procedure Before Trial

§ 15:175 (The Rutter Group 2009)..................................................................3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that on November 19, 2009, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Claudia Wilken, United States District Court Judge for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Defendants Interscope Records (erroneously sued as "Interscope Records Inc.") and UMG Recordings, Inc. (erroneously sued as "Universal Music Corporation") (together as "Defendants") will and hereby do move this Court for an order pursuant to Fed. R. Civ. P. 12(f) striking the following requests for relief from the Complaint filed by Plaintiff Joseph Flowers ("Plaintiff"), on the grounds that the requests are "redundant, immaterial, impertinent, or scandalous matter[s]":

1.  Paragraph 22, line 19: "attorney's fees"
2.  Paragraph 22, lines 20-21: "statutory damages, attorney's fees" and "punitive damages"
3.  Paragraph 28, line 15: "attorney's fees"
4.  Paragraph 28, line 17: "statutory damages, and attorneys' fees"
5.  Paragraph 33 in its entirety: "Plaintiff is entitled to a recovery of punitive damages against the named Defendants in an amount that will: 1) punish the Defendants for their fraudulent and intentional misconduct in this case; 2) to deter [*sic*] these Defendants from similar fraudulent and infringing misconduct prospectively; and 3) to deter [*sic*] similarly situated Defendants from intentionally, maliciously, and fraudulently infringing upon and converting a copyrighted work without permission, and appropriately compensate Plaintiff as the owner of the subject copyright."
6.  Paragraph 35, line 13: "attorneys' fees"
7.  Paragraph 36, line 17: "attorney's fees"
8.  Paragraph 36, line 19: "and attorney's fees"

CALDWELL
LESLIE &
PROCTOR

-1-

1    9.    Prayer for Relief No. 2: "statutory" and "statutory damages"

2    10.    Prayer for Relief No. 3: "attorney's fees" and "attorneys' fees"

3    11.    Prayer for Relief No. 4: "Punitive Damages."

4    This Motion is based upon this Notice, the accompanying Memorandum of

5  Points and Authorities, the pleadings and other documents on file in this action,

6  and on such other and further evidence and arguments as may hereafter be

7  adduced.

8  DATED:  October 13, 2009                    Respectfully submitted,
                                                CALDWELL LESLIE & PROCTOR, PC
9

10

11                                             By _____/S/_____
                                                       LINDA M. BURROW
12                                             Attorneys for Defendants
                                               INTERSCOPE RECORDS (erroneously
13                                             sued as "Interscope Records Inc.") and
                                               UMG RECORDINGS, INC. (erroneously
14                                             sued as "Universal Music Corporation")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Plaintiff Joseph Flowers ("Plaintiff") asserts claims against Defendants Interscope Records (erroneously sued herein as "Interscope Records Inc.") and UMG Recordings, Inc. (erroneously sued herein as "Universal Music Corporation") (collectively "Defendants")[1] for copyright infringement and contributory copyright infringement, alleging that in 2004 Defendants sold, promoted, and distributed a music album that included Plaintiff's copyrighted musical composition entitled "Po' Nigga Bluez" (the "Song").  Plaintiff did not, however, register the Song with the U.S. Copyright Office until November 24, 2008 – thirteen years after it was first published and at least four years after the alleged infringement commenced.  Because Plaintiff did not register the Song before the alleged infringement or within three months of the Song's first publication, his claims for statutory damage and attorneys' fees are barred as a matter of law.  *See* 17 U.S.C. § 412(2).

Plaintiff's request for punitive damages against Defendants is also improper. The only substantive claim in Plaintiff's complaint is one for copyright infringement, and it is well-established that punitive damages are not an available remedy for copyright infringement claims.  *See, e.g.*, 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.02[C][2] (2009) (hereinafter "*Nimmer*") ("The cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright infringement action.").  Plaintiff's request for punitive damages should thus also be stricken.

---

[1]  Plaintiff erroneously names Interscope Records Inc. as Defendant in this action, although it is apparent, from Plaintiff's allegation that Interscope is a general partnership with its principal place of business in California, that he intended to sue Interscope Records.  (*See* Compl., ¶ 5.)  Similarly, while Plaintiff also names Universal Music Corporation as Defendant, that proper entity is UMG Recordings, Inc., a Delaware corporation.

CALDWELL
LESLIE &
PROCTOR

## II.  RELEVANT ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff alleges that he is a songwriter, rapper, and music producer who independently wrote the song "Po' Nigga Bluez" (the "Song") in 1990.  (Compl., ¶ 4.)  Plaintiff claims that he owns the exclusive rights to the lyrics, music, and entire sound recording for the Song, which was first published in 1995 on Plaintiff's album entitled "Floss Mode."  (*Id.*)  Although the Song was published in 1995, Plaintiff did not register the Song with the Copyright Office until November 24, 2008.  (*See* Compl., Exh. A (copy of certificate of registration).)

According to Plaintiff, a version of the Song was included on the 2004 posthumously-released Tupac Shakur album "Loyal to the Game" without any credit to Plaintiff, and without his authorization.  (Compl., ¶¶ 13, 14.)  Plaintiff therefore claims that Defendants are liable for direct and contributory copyright infringement for promoting, marketing, and distributing copies of Shakur's album that allegedly infringe Plaintiff's work.  (*See id.*, ¶¶ 14-17.)

## III.  PLAINTIFF'S COMPLAINT CONTAINS REQUESTS FOR RELIEF THAT SHOULD BE STRICKEN

### A.  *Legal Standard for Motions to Strike*

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike "redundant, immaterial, impertinent, or scandalous matter[s]."  Under this rule, a court may strike from the pleading matters that "can have no possible bearing on the subject matter of the litigation."  *Montecino v. Spherion Corp.*, 427 F.Supp.2d 965, 966-67 (C.D. Cal. 2006).  This includes "immaterial" matters that have "no essential or important relationship to the claim for relief or the defenses being pleaded."  *California Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1032 (C.D. Cal. 2002), as well as "any part of the prayer for relief when the relief sought is not recoverable as a matter of law."  *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001); *see also Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

CALDWELL
LESLIE &
PROCTOR

**B.     *Plaintiff's Requests for Statutory Damages and Attorneys' Fees Under the Copyright Act Should Be Stricken***

To recover statutory damages and attorneys' fees on a copyright infringement claim, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration occurred within three months after the first publication of the work.  *See* 17 U.S.C. § 412(2).  If a Plaintiff fails timely to register his work, he cannot recover either statutory damages or attorneys' fees for any infringement commenced after the work's first publication but before the effective date of its registration.  *Id.*; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701-02 (9th Cir. 2008) (holding that an award of statutory damages and attorneys' fees under the Copyright Act were improper because the plaintiff registered its copyright more than three months after the first publication and the defendant's infringement).  Section 412(2) serves two important purposes: incentivizing copyright owners to register their copyrights promptly and encouraging potential infringers to first check the copyright database. *Poof*, 528 F.3d at 700.

Plaintiff's claims for copyright infringement and contributory copyright infringement each seek statutory damages and attorneys' fees under the Copyright Act.[2]  (Compl, ¶¶ 22, 28, 35, 36.)  His Complaint also includes a prayer for statutory damages under the Copyright Act and a prayer for attorneys' fees.  (*Id.*, Prayer for Relief Nos. 3 and 4.)  Plaintiff's copyright registration, however, demonstrates that he did not register a copyright for the Song until November 2008 – years after the Song was first published in 1995, and after the alleged infringing

---

[2] Although Plaintiff's Complaint includes a Fourth Claim for punitive damages and a Fifth Claim for attorneys' fees, punitive damages and attorneys' fees are court-imposed awards, not separate causes of action.  *See* William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 15:175 (The Rutter Group 2009).

CALDWELL
LESLIE &
PROCTOR

-3-

1   activity commenced in 2004.  (*See* Compl., Exh. A.)  Because Plaintiff's copyright

2   registration occurred well after the publication of the Song and the commencement

3   of the alleged infringement, Plaintiff is precluded from seeking statutory damages

4   or attorneys' fees.  *See* 17 U.S.C. § 412(2).

5   ###     C.     *Plaintiff's Request for Punitive Damages Under the Copyright*

6   ###            *Act Should be Stricken*

7            Plaintiff's attempt to obtain punitive damages also fails, as courts routinely

8   maintain that punitive damages are not available under the Copyright Act.  *See,*

9   *e.g.*, 4 *Nimmer* § 14.02[C][2]; *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d

10  Cir. 2001); *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir.

11  1996).  This is because the purpose for punitive damages – to punish and to deter

12  future wrongful conduct – is already achieved under the Copyright Act, which

13  permits increased awards of statutory damages for willful infringement, in cases

14  where statutory damages are available.  *On Davis*, 246 F.3d at 172; 17 U.S.C. §

15  504(c)(2).

16           Plaintiff, nevertheless, pleads in his First Claim for copyright infringement

17  that he "seeks punitive damages against all Defendants" (Compl., ¶ 22), reiterates

18  in his Fourth Claim for punitive damages that he is "entitled to a recovery of

19  punitive damages against the named Defendants" (*id.*, ¶ 33), and includes a request

20  for punitive damages in his prayer for relief (*id.*, Prayer for Relief No. 4).  Plaintiff

21  is thus not entitled to punitive damages in this copyright infringement action, and

22  the Court should strike each of these requests.

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

-4-

1    **IV.    CONCLUSION**

2          For the foregoing reasons, Defendants respectfully request that this Court

3    strike Plaintiff's request for statutory damages and attorneys' fees in his First and

4    Second Causes of Action, his request for punitive damages in his First Cause of

5    Action, and his prayers for statutory damages, attorneys' fees, and punitive

6    damages.

7    DATED:  October 13, 2009              Respectfully submitted,

8                                          CALDWELL LESLIE & PROCTOR, PC

9

10

11                                         By _____/S/_____
                                              LINDA M. BURROW
12                                         Attorneys for Defendants
                                           INTERSCOPE RECORDS (erroneously
13                                         sued as "Interscope Records Inc.") and
                                           UMG RECORDINGS, INC. (erroneously
14                                         sued as "Universal Music Corporation")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR