1  CALDWELL LESLIE & PROCTOR, PC
   LINDA M. BURROW, State Bar No. 194668
2    *burrow@caldwell-leslie.com*
   LENNETTE W. LEE, State Bar No. 263023
3    *lee@caldwell-leslie.com*
   1000 Wilshire Boulevard, Suite 600
4  Los Angeles, California  90017-2463
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Defendants
   INTERSCOPE RECORDS (erroneously
7  sued as "Interscope Records Inc.") and
   UMG RECORDINGS, INC. (erroneously
8  sued as "Universal Music Corporation")

9

10                     **UNITED STATES DISTRICT COURT**

11                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13  | JOSEPH FLOWERS,                  | Case No. CV 09-4388 CW |
    |---|---|
14  | Plaintiff,                       | ~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER GOVERNING USE OF DISCOVERY MATERIALS** |
15  | v.                               |  |
16  | INTERSCOPE RECORDS INC., et al., |  |
17  | Defendants.                      | Trial Date:   None Set |

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

The parties to this action have each requested in discovery that the other party produce confidential internal documents. The Court enters this Protective Order pursuant to Fed. R. Civ. P. 26(c).

### A. Confidential Information

"Confidential Information" means any information that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

### B. Designated Criteria

1. *General Criteria.* Confidential Information shall not include information that either:

    (a) Is in public domain at the time of disclosure; or

    (b) Becomes part of the public domain through no fault of the recipient.

2. *Confidential Information.* To the extent allowed by Fed. R. Civ. P. 26, a party shall designate as "confidential" only such information that the party in good faith believes in fact is confidential. Information is "Confidential" if (a) it has not been intentionally released to the public by the producing party; (b) it cannot be readily obtained from public sources; and (c) disclosure of the information poses a reasonable risk of competitive harm to the producing party or impedes the party's right to privacy under the California Constitution and California law.

### C. Qualified Persons

1. Retained counsel (and their employees who are working on this matter) and in-house counsel for the parties in this litigation who are actively involved in the prosecution or defense of this case;

2. Court and its staff and any other tribunal or resolution officer duly appointed or assigned in connection with this litigation; and

        *3.*    Independent experts or consultants in this litigation who have been identified in writing by the designating party via facsimile or hand delivery to all other parties at least ten (10) days prior to the disclosure of Confidential Information to such persons, and who have signed an Acknowledgement in the form of Exhibit "A"; and

        *4.*    Parties, or such officers, employees or representatives of a party (excluding retained and in-house counsel, as described in paragraph 3(a)), who have signed an Acknowledgement in the form of Exhibit "A" prior to the disclosure of any Confidential Information and such other persons as this Court may designate after notice and an opportunity to be heard.

### D.  *Use of Confidential Information*

All Confidential Information produced by a party in the course of this litigation shall be used solely for the purpose of preparation, trial and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### E.  *Marking of Documents*

Documents produced in this litigation may be designated by any party (even if such designating party was not the producing party of the Confidential Information) as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."

### F.  *Disclosure at Depositions*

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained for the purpose of this litigation, or (b) the deposition of a non-party (which information pertains to a party) may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.  Nothing herein shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-

1  examination of any person who is indicated on the document as being an author,
2  source or recipient of the Confidential Information, irrespective of which party
3  produced such information.
4       Any party also may designate information disclosed at a deposition as
5  Confidential Information by notifying all of the parties in writing within ten (10)
6  days of receipt of the transcript of the specific pages and lines of the transcript,
7  which should be treated as Confidential Information thereafter.  Each party shall
8  attach a copy of each such written notice to the face of the transcript and each copy
9  thereof in that party's possession, custody or control.  All deposition transcripts shall
10 be treated as "Confidential" for a period of the ten days after initial receipt of the
11 transcript.

### G.   Disclosure to Qualified Persons

13   Confidential Information shall not be disclosed or made available by the
14 receiving party to persons other than Qualified Persons.

### H.   Unintentional Failure to Designate

16   Documents unintentionally produced without designation as Confidential
17 Information later may be designated and shall be treated as Confidential Information
18 from the date written notice of the designation is provided to the receiving party.

### I.   Documents Produced for Inspection Prior to Designation

20   In the event documents are produced for inspection prior to designation, the
21 documents shall be treated as "Confidential" during inspection.  At the time of
22 copying for the receiving parties, Confidential Information shall be marked
23 prominently by the producing party.

### J.   Further Disclosure

25   Nothing herein shall prevent disclosure beyond the terms of this order if each
26 party designating the information as Confidential Information consents to such
27 disclosure, or if the Court after notice and an opportunity to be heard orders further
28 disclosure.

### K.     Challenging the Designation

1. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation in good faith disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may move the Court for an order removing or altering the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the Court orders otherwise.

2. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such a person, the parties shall first try to resolve the dispute in good faith on an information basis. If the dispute cannot be resolved, the objecting party shall have ten (10) days from the date of the designation (or, in the event Confidential Information is requested subsequent to the designation of the Qualified Person, ten (10) days from the service of the request) within which to move the Court for an order denying the disputed person (a) status as a Qualified Person or (b) access to particular Confidential Information. The motion shall fully and specifically set forth the grounds in support thereof, and the objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious commercial harm.

### L.     Manner of Use in Proceedings

The parties shall meet and confer in good faith ten (10) days before a party files an application with this Court requesting that Confidential Information be filed under seal. The parties shall meet and confer in good faith regarding the relevancy

of the designated Confidential Information and in an effort to determine whether there is a means of excerpting the document(s) at issue and/or stipulating as to certain facts so as to avoid having to file Confidential Information.  If the parties are unable to reach an agreement regarding an alternative to filing the document(s) under seal, the designating party may make an appropriate application to the Court, requesting that the Court consider and permit the Confidential Information be filed under seal.  If the designating party makes such an application, the party who sought to file such Confidential Information shall not do so until a final disposition is entered as to the issue of filing the document(s) under seal.

### M.   Return of Documents

Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons specified in paragraph 3 shall be, at the option of the producing party, destroyed (with attorney certification representing that such destruction has taken place) or returned to the producing party except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  If, however, evidence at any trial or hearing was filed and maintained under seal, then such evidence shall be returned to the producing party within one hundred twenty (120) days after conclusion of this litigation.  Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

### N.   Production of Documents Pursuant to Subpoena

In the event that Confidential Information is subpoenaed by any court,

1 regulatory, administrative or legislative body or any person purporting to have
2 authority to subpoena such information (other than a party to this matter), the
3 responding party shall not produce such information without first giving notice to
4 the producing party to enable the producing party to have a reasonable opportunity
5 to seek protective relief.

### O. *Use by Counsel in Rendering Advice*

7 This order shall not bar any attorney in the course of rendering advice to such
8 attorney's client with respect to the subject matter of this litigation from conveying
9 to any party-client the attorney's evaluation in a general way of Confidential
10 Information produced or exchanged herein; provided, however, that in rendering
11 such advice and otherwise communicating with the client, the attorney shall not
12 disclose the specific contents of any Confidential Information produced by another
13 party herein if such disclosure would be contrary to the terms of this Protective
14 Order.

### P. *No Restriction on Party's Use of Its Own Documents*

16 This order has no effect upon, and shall not apply to, the producing party's
17 use of its own Confidential Information for any purpose following its production.

### Q. *No Waiver of Privilege or Other Objection*

19 The inadvertent production of any documents or other information during
20 discovery in this action shall be without prejudice to any claim that such material is
21 protected by the attorney-client privilege, the work product doctrine, or any other
22 applicable privilege, and no party shall be held to have waived any rights by such
23 inadvertent production.  If the producing party provides written notice that a
24 document or information previously produced by that party is privileged or
25 protected work product, the receiving party shall make no use of the document or
26 information pending a determination by the Court as to the propriety of a claim of
27 privilege, except to the extent necessary to address the privilege question before the
28 Court.  Neither the execution of this Confidentiality and Protective Order nor the

production or receipt of Confidential Information under this order shall prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery.

### R. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty reasonably to ensure that such person observes the terms of this Protective Order and shall be responsible for breach of such duty by such person. The original Acknowledgement described in paragraph 3 shall be maintained in the possession of the attorneys of record for the party designating a Qualified Person and any other party may, for good cause shown, petition the Court; for production of such Acknowledgement.

### S. Modification and Exceptions

Any party may seek an order of this Court affording additional protection to Confidential Information or other confidential information, or otherwise modifying this Protective Order.

1     The parties may, by stipulation, provide for exceptions to this Protective
2 Order.

3                         Respectfully submitted,

4 DATED: March 24, 2010        CALDWELL LESLIE & PROCTOR, PC
5

6

7                         By: _____/s/_____
                             LINDA M. BURROW

8                     Attorneys for Defendants INTERSCOPE RECORDS (erroneously sued as "Interscope Records Inc.") and UMG RECORDINGS, INC. (erroneously sued as "Universal Music Corporation")

9

10

11 DATED: March 24, 2010        LAW OFFICE OF WILLIAM E. WEISS

12

13                         By: __/s/ e-mail authorization__
                             WILLIAM E. WEISS

14                     Attorneys for Plaintiff JOSEPH FLOWERS

15

16

17                            **<u>ORDER</u>**

18

19     It is SO ORDERED this __26th__ day of __March__, 2010.

20

21

22                            /s/ Claudia Wilken
23                       The Honorable Claudia Wilken
                      United States District Court Judge

24

25

26

27

28

# **EXHIBIT "A"**

## ACKNOWLEDGEMENT AND REPRESENTATION OF PERSONS HAVING ACCESS TO CONFIDENTIAL INFORMATION

I hereby agree to abide by the terms of the Confidentiality and Protective Order (the "Protective Order") entered in the action captioned *Joseph Flowers v. Interscope Records, Inc.* et al., Case No. CV 09-4388 CW, pending in the United States District Court for the Northern District of California (the "Lawsuit"), in order to gain access to non-public, confidential information and information otherwise protected by the Protective Order. Accordingly, I further represent to the Court the following:

1.  I have read the Protective Order and I understand its provisions and terms. I understand that I have the right to consult an attorney regarding the meaning of any provision of the Protective Order or this Acknowledgement and Representation. Any questions I had regarding the Protective Order or this Acknowledgement and Representation have been answered by counsel.

2.  My current address and telephone number are:
    Address:_____
    _____
    Telephone:_____

3.  My current job title and employer are:
    _____
    _____

4.  My current employer's address is:
    _____
    _____

CALDWELL
LESLIE &
PROCTOR

5. I agree that I will use information I learn as a result of having access to Confidential Information protected under the Protective Order solely for purposes of the Lawsuit and for no other purposes, and shall not disclose Confidential Information except as authorized by the Protective Order.

6. I shall return to counsel all materials containing information protected under this Protective Order within the earlier of ten (10) days of my termination of participation in the Lawsuit or sixty (60) days of my receipt of notice of termination of the Lawsuit.

7. I hereby submit myself to the jurisdiction of the District Court of the Northern District of California for the enforcement of these representations.

8. I understand and agree that violation of the Protective Order or making any misrepresentations in this Acknowledgement and Representation may subject me to contempt proceedings brought under the laws of the United States.

9. I declare under penalty of perjury that the foregoing statements and representations are true and correct.

Executed this _____ day of _____, 2010, at _____, _____.

By: _____

_____
(Type or Print Name)

CALDWELL
LESLIE &
PROCTOR